## KEELER *vs.* DELAVAN.

Where, in an action of trespass for stoning and beating cows and hogs, the plaintiff had proved that the defendant had beaten a cow and a hog of the plaintiff, and that he had been in the practice, for the last two years, of stoning and beating the plaintiff's cow and hogs; and on his cross-examination, the witness had testified that he did not know that there had " been a hog or cow along there but that the defendant had stoned them;" and on his re-examination the plaintiff's counsel asked the witness whether he had seen the defendant " stone cattle generally that were in the road?" *Held* that it was not erroneous for the court to permit the question to be answered, it involving an inquiry into a matter concerning which the defendant had previously examined the witness.

Where, upon the trial of the cause, a defendant has committed the first fault in introducing irrelevant and inadmissible evidence, it is in the discretion of the court to receive evidence upon the same subject, by way of cross-examination of the witness, at the instance of the plaintiff.

Where a defendant appears, on the trial of a cause, and consents that it be tried with five jurors only, and introduces evidence on his part, he cannot afterwards object that the venire was issued without any issue having been joined in the cause.

ERROR to the Onondaga county court. Keeler brought an action of trespass against Delavan, before a justice of the peace of Onondaga county, and declared against the defendant for stoning, beating, and otherwise abusing, chasing, maiming and maliciously wronging the plaintiff's cow and hogs at different times within the last two years, since the spring of 1845, in the town of Lafayette, to his damage $50. The justice's return stated that the plaintiff having thus declared against the defendant, demanded that the cause be tried by a jury; and that the cause was then adjourned, and a venire issued. That on the adjourned day the plaintiff appeared before the justice, personally, and the defendant by his attorney. But it did not appear from the return that the defendant pleaded to the declaration, at all. He called and examined witnesses, however, and cross-examined the plaintiff's witnesses. The jury found a verdict for the plaintiff of $8, and the justice rendered a judgment for that amount, together with costs. On certiorari, that

Keeler *v.* Delavan.

judgment was reversed by the county court, and the plaintiff brought a writ of error.

*Forbes & Sheldon*, for the plaintiff in error.

*O. Vandenburgh*, for the defendant in error.

*By the Court*, GRIDLEY, J.   The plaintiff in error recovered a judgment of $8,00, in an action of trespass, against the defendant in error, before a justice of the peace of Onondaga county.   This judgment was reversed by the county court. To show that the county judge was right in reversing this judgment, the counsel of the defendant relies on several grounds of error committed in the justice's court.

I.  The plaintiff had proved by one Reuben M. Handy, that the defendant had beaten a cow and a hog of the plaintiff, with stones and with great severity; and that he had been in the practice for *the last two years of stoning and beating the plaintiff's cow and hogs*.  On his cross-examination, the witness had testified, among other things, as follows: "*I don't know that there has been a hog or cow along there but that he has stoned them.*"   On the re-examination of this witness, the plaintiff's counsel propounded the following question : "*Have you seen him stone cattle generally that were in the road ?*"   This question was objected to, and the objection overruled by the court, and the witness was permitted to answer.   This was held by the county judge to be erroneous, and for that cause he reversed the judgment of the justice.   We are of the opinion that the judgment should not have been reversed for this cause, for these reasons: (1.) That the question merely involved an inquiry into a matter concerning which the *defendant* had previously examined the witness.   The testimony of Handy, given on his direct examination, had tended to show a long continued habit of the defendant of treating the plaintiff's beasts with cruelty, from which special malice towards the plaintiff might well have been inferred.   To rebut such an inference, the defendant gave evidence of a general practice of the defendant to

---

Keeler *v.* Delavan.

---

beat off all animals indiscriminately with stones, from the highway near his premises.  It was then clearly competent for the plaintiff to inquire into this practice.  And in this view the justice was right in allowing the question.  (2.)  Suppose, however, the evidence was irrelevant and inadmissible, yet, the defendant having committed the first fault, in giving evidence of this description, it was in the discretion of the justice to receive evidence by way of cross-examination of the witness upon this topic, at the instance of the plaintiff.  This principle is settled in the 24th of Wendell, 425, 6; and such is the conclusion of Messrs. Cowen & Hill, after a review of all the cases.  (1 *Cowen & Hill's Notes*, 430, 431, 432.)

II.  Another ground of error relied on by the counsel for the defendant in error, is that a venire was issued when no issue was joined.  The answer to this objection is, that the cause was tried on the assumption that the defendant had pleaded. The defendant's counsel expressly consented to try the cause with five jurors; and gave evidence on behalf of the defendant. Any error, therefore, of this description, was waived.

III.  Again; it is said that other illegal evidence was admitted by the justice.  The amended return does indeed show such to have been the fact; but, it also shows that the objection to such evidence was afterwards withdrawn.  The cause was unskilfully tried before the justice; and much evidence that would not have been competent if objected to, was received, to the prejudice of the defendant.  Injustice may have been done him by the jury; but we are compelled to say that all such errors were waived, and that no legal ground existed for reversing the judgment in the court below.  We must therefore reverse the judgment of the county court, and affirm that of the justice.

Judgment accordingly.