### JAMES v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, Second Department. March 6, 1903.)

1. STREET CAR CONDUCTOR—ASSAULT ON PASSENGER—CREDIBILITY OF EVIDENCE.
   Where defendant's version of an assault made on plaintiff by a conductor on one of its cars, uncontradicted by any testimony except that of plaintiff, is to the effect that plaintiff fell in jumping off the car while in motion, and the conductor stopped the car, and went back to make inquiries, whereupon, after some conversation, plaintiff, who was suffering from a broken ankle, followed and struck him, and was dealt a blow in return, a verdict for defendant will not be disturbed on the ground that the story is too incredible to justify it.

2. SAME—ASSAULT PROVOKED BY PASSENGER.
   A street railway company is not liable for an assault on a passenger by a conductor, provoked by the passenger's violence.

3. SAME—EVIDENCE—ARREST OF CONDUCTOR—DISCHARGE.
   Where, in an action against a street railway company for assault on a passenger by a conductor, plaintiff elicits evidence that the conductor was arrested for the assault, the admission of evidence by the defendant that he was discharged after arraignment was not error.

Appeal from Trial Term, Kings county.

Action by William H. James against the Metropolitan Street Railway Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, and HOOKER, JJ.

William D. Gaillard, for appellant.

Addison C. Ormsbee, for respondent.

JENKS, J. The plaintiff complains of assault by a conductor of the defendant. The plaintiff's version is that while boarding a car he was abused in foul language by the conductor for brushing against him. Upon the plaintiff's retort that it was the conductor's own fault, and plaintiff's inquiry why the car started so quickly, the con-

¶ 2. See Carriers, vol. 9, Cent. Dig. § 1121.

ductor repeatedly struck him, threw him off the car to the ground, stopped the car, alighted, walked back, and again struck him. The plaintiff was not corroborated save in some respects by Williams, a traveler on the street. The defendant's version is that the plaintiff ran after the car, boarded it, inquired whether it was a bridge car, and, when told it was an Astor Place car, stepped backwards off the car and fell to the ground. Thereupon the car was stopped, the conductor alighted, went to the plaintiff, took out a notebook, and, after some conversation, started to return to the car, with his back turned to the plaintiff, who struck the conductor, and was dealt a blow in return. The witnesses for the defendant were the motorman, a switchman, and a policeman. The conductor was not called, but evidence was given that he had left the employ of the defendant and could not be found. The policeman did not witness the occurrence, but testified that he came up and arrested the conductor upon complaint of the plaintiff for an assault which, the plaintiff said, had been made upon him in the street, without statement that any assault had been made upon him while he was upon the car, and that, after six adjournments in the police court without appearance on the part of this plaintiff, and after two months, the conductor was discharged.

We are asked to reverse this judgment upon the ground that the evidence on behalf of the defendant is "so wildly incredible that it should have been disregarded by the jury." The case of the plaintiff rests upon his own testimony, save his witness Williams. But Williams saw nothing that occurred before the conductor struck the plaintiff, and her testimony is entirely reconcilable with that of the defendant's witnesses that the plaintiff first struck the conductor, who thereupon retaliated. It is also contended that the plaintiff, while suffering from a broken ankle, could not have arisen and have walked a few steps after the conductor in order to assault him. The physician called by the plaintiff testified that the two bones forming the leg immediately above the ankle were fractured, but there was no evidence that a man thus injured could not, at the time of the injury, have arisen to his feet and have followed the conductor a short distance so as to strike him. I see no reason why the verdict of the jury should be disturbed on the ground that reasonable men, in the exercise of their judgment upon the evidence, could not have credited the version of the defendant. If a passenger fall from a car, and, when a conductor alights to make inquiry, meet the conductor with a blow, he cannot expect to hold the employer liable for an assault provoked by violence.

It is insisted that the plaintiff was prejudiced by the admission of evidence to show that the conductor was finally discharged after arraignment in the police court for assault. But the learned counsel for the plaintiff opened the door for the defendant when, upon his cross-examination of the motorman, he elicited that the conductor had been arrested, and therefore I think that the court could, in its discretion, receive testimony upon the same subject. Keeler v. Delavan, 4 Barb. 317; Abbott's Trial Brief, Civil Jury Trials (2d Ed.) 238, and authorities cited.

The judgment should be affirmed, with costs. All concur.