WILLIAM H. JAMES, Appellant, v. METROPOLITAN STREET RAILWAY COMPANY, Respondent.

*Action to recover damages for an assault — where the plaintiff proves that his assailant was arrested, the court may allow proof of his discharge from arrest.*

Where, upon the trial of an action brought against a street railway company to recover damages for an alleged assault committed upon the plaintiff by the conductor of one of the defendant's cars, the plaintiff, upon the cross-examination of the motorman of the car, elicits the fact that the conductor was arrested on the complaint of the plaintiff immediately after the alleged assault was committed, the court may in its discretion permit the defendant to show that the conductor was finally discharged from arrest.

APPEAL by the plaintiff, William H. James, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 1st day of May, 1902, upon the verdict of a jury, as amended by an order made in said action on the 6th day of May, 1902, and entered in said clerk's office, and also from an order entered in said clerk's office on the 1st day of May, 1902, denying the plaintiff's motion for a new trial made upon the minutes.

*William D. Gaillard*, for the appellant.

*Addison C. Ormsbee*, for the respondent.

JENKS, J. :

The plaintiff complains of assault by a conductor of the defendant. The plaintiff's version is that, while boarding a car, he was abused in foul language by the conductor for brushing against him. Upon the plaintiff's retort that it was the conductor's own fault, and plaintiff's inquiry why the car started so quickly, the conductor repeatedly struck him, threw him off the car to the ground, stopped the car, alighted, walked back and again struck him. The plaintiff was not corroborated save in some respects by Williams, a traveler on the street. The defendant's version is that the plaintiff ran after the car, boarded it, inquired whether it was a bridge car, and, when told it was an Astor place car, stepped backwards off the car and fell to the ground. Thereupon the car was stopped, the conductor alighted, went to the plaintiff, took out a note book, and, after some conversation, started to return to the car with his back turned to the plaintiff, who struck the conductor, and was dealt a blow in return. The witnesses for the defendant were the motorman, a switchman and a policeman. The conductor was not called, but evidence was given that he had left the employ of the defendant and could not be found. The policeman did not witness the occurrence, but testified that he came up and arrested the conductor, upon complaint of the plaintiff, for an assault which, the plaintiff said, had been made upon him in the street, without statement that any assault had been made upon him while he was upon the car, and that after six adjournments in the Police Court without appearance on the part of this plaintiff, and, after two months, the conductor was discharged.

We are asked to reverse this judgment upon the ground that the evidence on behalf of the defendant is " so wildly incredible that it should have been disregarded by the jury." The case of the plaintiff rests upon his own testimony, save his witness Williams. But Williams saw nothing that occurred before the conductor struck the plaintiff, and her testimony is entirely reconcilable with that of the defendant's witnesses, that the plaintiff first struck the conductor, who thereupon retaliated. It is also contended that the plaintiff, while suffering from a broken ankle, could not have arisen and have walked a few steps after the conductor in order to assault him. The physician called by the plaintiff testified that the two bones forming the leg immediately above the ankle were fractured, but there was no evidence that a man thus injured could not, at the time of the injury, have arisen to his feet and have followed the conductor a short distance so as to strike him. I see no reason why the verdict of the jury should be disturbed on the ground that reasonable men, in the exercise of their judgment upon the evidence, could not have credited the version of the defendant. If a passenger falls from a car, and, when a conductor alights to make inquiry, meets the conductor with a blow, he cannot expect to hold the employer liable for an assault provoked by violence.

It is insisted that the plaintiff was prejudiced by the admission of evidence to show that the conductor was finally discharged after arraignment in the Police Court for assault. But the learned counsel for the plaintiff opened the door for the defendant when, upon his cross-examination of the motorman, he elicited that the conductor had been arrested, and, therefore, I think that the court could, in its discretion, receive testimony upon the same subject. (*Keeler* v. *Delavan*, 4 Barb. 317 ; Abb. Tr. Brief, Civil Jury Trials [2d ed.], 238, and authorities cited.)

The judgment should be affirmed, with costs.

Present— GOODRICH, P. J., BARTLETT, JENKS and HOOKER, JJ.

Judgment and order unanimously affirmed, with costs.